UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **María Ramos Piñero**, on her own right and as mother of her deceased son minor, **Antonio Luis Ruiz Ramos** and on behalf of her daughter minor, **Keisha Ruiz Ramos**, sister of the deceased; **Héctor Luis Ramos Piñero**, **Nancy Ivette** and **Miguel L. Ramos Piñero** and **Orlando del Valle Crespo** and minor **Ishell Marie Dávila Villalobos**, represented by her mother Angelica María Villalobos Cuascup   Plaintiffs | CIVIL NUM. 04-1351  Jury trial demanded |
| vs. | |
| **Commonwealth of Puerto Rico**, through the Department of Justice and its Secretary Anabelle Rodríguez; **Puerto Rico Aqueduct and Sewer Authority (PRASA)**, through its President Juan Agosto Alicea; **Ondeo de Puerto Rico Inc**. through **its** President Mr. Philip Mailland**; Department of Transportation and Public Works** through its Secretary Dr. Fernando E. Fagundo Fagundo; **Puerto Rico Highway Authority** through its Executive Director Jack T. Alison; **Municipal Government of San Juan** through its Major, Sr. Jorge Santini Padilla; Pep Boys, Manny , Moe & Jack of Puerto Rico, Inc. through its Resident Agent Fiddle, González & Rodríguez; **X,Y,Z- Insurance Companies for Defendants**.   Defendants | |

**COMPLAINT**

**TO THE HONORABLE COURT:**

    **COMES NOW**, plaintiffs in the case at bar through their counsels  and respectfully prays, as follows:

-2-

## JURISDICTION

This action is brought pursuant to 42 USC § 1983 and the Fourth, Fifth, Ninth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded upon 28 USC § 1331 and 1343, and the aforementioned statutory provisions. Plaintiffs further invokes the supplemental jurisdiction of the Court pursuant to 28 USC § 1367 to hear and decide claims arising under the laws of the Commonwealth of Puerto Rico, which derive from the same nucleus of operative facts.

## PRELIMINARY STATEMENT

This is an action for damages to redress the violation of plaintiff's rights pursuant to the Constitution and laws of the United States and Puerto Rico, due to the death of minor Antonio Luis Ruíz Ramos. The damages include both the inherit claims and the personal claims of each plaintiff. Defendants are herein held jointly and severally liable, as more fully described hereinafter in this complaint.

## PARTIES

1. Plaintiff María Ramos Piñero is the mother of the deceased minor Antonio Luis Ruiz Ramos who was under her care and nurturing since he was born, up to the moment of his death. Keisha Ruiz Ramos is the deceased's minor sister, who grew up together with him; Héctor Luis, Nancy Ivette and Miguel L. Ramos Piñero were uncle, aunt and uncle, respectively of the deceased; Nancy Piñero Febres is the deceased minor's grandmother and Orlando del Valle Crespo has been the deceased minor's putative, de facto father and consensual companion of his mother, helping to bring him up bonded in love and care during several years prior to the unfortunate death. Ishell Marie Davila Villalobos, is the minor, friend and schoolmate who was

-3-

      accompanying the decease the day of the events, represented in the case at bar through her mother Angelica Maria Villalobos Cuascup.

2.    Defendant **Commonwealth of Puerto Rico** is the government created by the People of Puerto Rico to govern them and to provide to their welfare, security, liberty, life and property and the **Department of Justice**, through its Secretary Anabelle Rodríguez, is said government's attorney in charge of the implantation of the laws and justice in Puerto Rico from the executive branch of government and offers advice and representation to agencies and members of the same.

3.    Defendant **Puerto Rico Highway and Transportation Authority** was created in 1965 to design and facilitate the construction and improvement of the highways system.  Its mission now includes the planning, promotion and feasibility of mass transportation systems. It is also responsible for the operation and maintenance of toll ways and connecting roads, the construction of new highways, a safety program and alleviation of traffic congestion in the San Juan area, construction of a nine mile four lane toll way from Carolina to Canóvanas (called the Eastern Corridor). Defendant **Jack T. Alison** is the Executive Director of the **Puerto Rico Highway Authority.** It's address is Aptdo. 42007, San Juan, PR 00940.

4.    Defendant **Department of Transportation and Public Works** is an agency of the Commonwealth of Puerto Rico, which is in charge of all state public works, including all roads, public land, construction and repair public roads and the Department's Secretary, is **Dr. Fernando E. Fagundo**, its address is P.O. Box 41269, San Juan, Puerto Rico 00940.

-4-

5. Defendant **Puerto Rico Aqueduct and Sewer Authority (PRASA**) created for the purpose of providing and helping to provide to the inhabitants of Puerto Rico an adequate drinking water, sanity sewage service and other incidental thereto; with power to sue and be sued in its corporate name; raise funds, accept grants, fisc charges and collect, reasonable rates and fees, operate, repair, maintain and improve water and sewer facilities under its jurisdiction . Co-Defendant Juan Agosto Alicea os PRASA's President. It's address is Barbosa Avenue, Río Piedras, Puerto Rico.

6. Defendant **Ondeo de Puerto Rico, Inc.;** entered on May 2, 2002 into a Service Contract with Ondeo de Puerto Rico, Inc., existent at the time of the herein events as Operator and Manager of PRASA's system and assets including maintenance, repair and replacement of the same, including its water, wastewater and sewerage system. As such operator, Ondeo is jointly responsible with PRASA in regard to the herein events and causes of action. It's **General Operator, is Mr. Phillip Mailland**. It's address is PO Box 7066, San Juan, Puerto Rico 00940.

7. Defendant **Municipal Government of San Juan** is the governing entity of the Municipality of San Juan, composed of the Executive Branch , which defendant major **Jorge Santini Padilla**, who heads the legislative branch, which is the Municipal Assembly. It's address is PO Box 9024100, San Juan, PR 00902-4100. As such municipal government provides all necessary services for its residents and has the duty to protect their health, life and property. The events described herein, occurred in its jurisdiction and it is jointly responsible with the other defendants, for the herein causes of action by plaintiffs.

-5-

8. Defendant **Pep Boys, Manny Moe & Jack of Puerto Rico Inc.** through its Resident Agent, Fiddler González & Rodríguez, is a retail store of tires and replacement parts of automobiles and is, wholly owned subsidiary of a corporation with the same name with principal address is Philadephia. Its address is BBVA Tower, Floor 8, Muñoz Rivera 254, San Juan, PR 00918.

9. Defendant **X, Y, Z,** are denominated as such, for lack of knowledge of the name of the Insurance or insurance companies of defendants who have insurance policies covering the occurrence of the events described herein and the damages claimed.

The Political Code of Puerto Rico of 1902 in its Article 404, as amended (3 LPRA 422), provides as follows:

"The Commonwealth of Puerto Rico shall be liable for injuries to persons or property occurring though a defect, or want of repair, or of sufficient protection, in or upon a Commonwealth highway in charge of the Department of Transportation and Public Works, except where it shall be proven that such defects were caused by violence of the elements and that there had not been ample time in which to repair them".

**FACTUAL ALLEGATIONS**

1. On October 31, 2003, Antonio Luis Ruíz Ramos, a fourteen (14) years old boy student, came out from classes at the Sabana Llana Middle School, Río Piedras, Puerto Rico, which is part of the integrated public schools system of defendant Commonwealth of Puerto Rico, through its Department of Education, and within the political and governmental jurisdiction of co-defendant Municipal Government of

-6-

    San Juan. It was around 1:40 p.m., on an extremely rainy day, which created floods all over the 65th Infantry Avenue and adjacent sidewalks and terrain, herein mentioned as the area where the events took place.

2. Said heavy rain precipitation conditions and possible floods had been predicted by the U.S. Weather Bureau and the local press, for there was a stationary "thalweg" (vaguada) and during previous days and on said day, there had been issued continuing flood warnings.

3. Said minor started going back to his home with another schoolmate and friend of his Ishell Marie Dávila Villalobos by the 65th Infantry Avenue. They were heading to Monte Hatillo Public Residential. The 65th Infantry Road was flooded covering the road and terrain, so said minors, coasted their way and at the other side they obtained refuge at a business known as "El Caporal", which is in the sector known as "Parcelas Hill Brother", Km 3 H.5, 65th Infantry Road, Río Piedras.

4. Both schoolmates sat on a balcony waiting for the rain to stop. When it did not stop, Antonio Luis dropped to the ground from where he was sitting, not knowing that there was an open sewer or manhole without a manhole cover, and therefore the high leveled water covered the area to the extent of being unable to see the hole. Said minor plunged into the heavy currents running through the pipeline, being dragged underground all the way across to the other side of the 65th Infantry Road and continuing through the land and property in which co-defendant Pep Boys is located. Young Antonio was dragged under said property to the other side of the surface drainage and outlet which was blocked with used tires and parts. Because of said

-7-

blockage it took the rescuers a longer time to locate the minor and give him emergency help.

5. The young man received multiple wounds in his head and body, dying of asphyxia because of drowning.

6. Defendants had been previously advised, on several times, of the manhole's lack of cover and its dangerousness. Defendants also knew of the heavy currents of water flowing throughout the pipeline and that a human body could be dragged into and throughout the pipeline which had no cover. Only after the accident occurred did defendant cover said manhole. Defendants were aware of this danger to human life.

7. Defendants knew about the continuos flooding in that area of the 65th Infantry Road and did not adequately construct, reconstruct or maintain drainage and sewer facilities necessary so that there would be no such floods, or reduce or eliminate their impact on adjacent land, nor did they effectively supervise the area to make sure that said governmental facilities were in proper conditions.

8. Furthermore, defendants received funding for maintenance and reconstruction of said highway, pipeline, sidewalks, drainage system and for cleaning the same, yet they did not use the funds requested and received to protect the citizen's safety and life in said governmental facilities, in this area.

9. After the death occurred, defendants then proceeded to cover the manhole, securing it.

10. Defendant Pep Boys, because of its acts and/or negligence had thrown away or discarded into the space where the surface drainage was located all sorts of tires,

-8-

waste and parts, so that it hindered locating the body of the minor and giving him first aid assistance.

11. Defendants Commonwealth of Puerto Rico and Municipal Government of San Juan, deliberately and/or recklessly showed indifference and disregard for the protection of the rights of citizens.

12. Defendants acting under color of state law caused the deprivation of the deceased minor Antonio Luis Ruíz Ramos life and of plaintiffs and of their Constitutional right of enjoyment of life and liberty and to personal security and the state's protection of said rights.

13. Co-Defendant, Municipal Government of San Juan and the Commonwealth of Puerto Rico, has the obligation to protect its citizen's constitutional rights to life, liberty, enjoyment of life, the pursuit of happiness and to their personal security, under the facts mentioned in this Complaint.

14. Both co-defendants, the Commonwealth of Puerto Rico and the Municipal Government of San Juan, acted in egregious disregard of their duty because of their gross negligence in safeguarding the life of the deceased minor, Antonio Luis Ruíz Ramos, by neglecting and/or refusing to take all necessary precautions under the facts of the case, so that he would not be forced by highway foreseeable flooding and heavy rain falls. Codefendants, who had received various complaints, knew of the resulting hazardous conditions and their foreseeable effort on pedestrians as well as on the sewer and drainage system, in the adjacent land and sewer outlets or openings. Codefendants also knew of the lack of a manhole cover which would be undetected

-9-

by the heavy flow of water, and of such width that his body could enter the sewer pipes and be swept away by the strong currents of the sewer system, which trapped him between the water and pipes, which caused the abrasions, asphyxia, and drowning of said minor.  Both codefendants acted in blatant disregard of previous warnings by neighbors in the area that the cover was loose and removed and that therefore could cause grave injury or loss of life any person.

15. Co-defendant PRASA and co-defendant state and municipal governments grossly neglected and egregiously disregarded their duty to repair and maintain the above referred highway, and the sewer system and openings, as well as of the adjacent land areas affected by the same, in case of heavy rainfall and floods even though they had funding from such federal laws as the Highway Safety Act of 1966, as amended, 23 USC Sec. 130 et seq., and the Hazard Elimination Program, 23 USC Sec. 152, and even though they had the inherent and legal obligation to protect their citizens' life, also disregarding the Rules of Design of the Pluvial Sewer System (Normas de Diseño para Sistemas de Alcantarillado Pluvial), also knowing that the area herein referred to was often subject to heavy rain falls and flooding.

16. Defendants knew that damages caused by said heavy rain falls and prolonged flooding were enhanced as a result of drainage pump producing back water flood damages in the adjacent land.

17. Defendants knew of the existence of nearby schools, and therefore that the area would be utilized by school students exposing said minor pedestrians to hazards and dangers from which said minors should be protected.

18. Defendants grossly neglected and egregiously disregarded their duty to periodically inspect the herein referred to, areas and the sewer and drainage systems, not only to repair and maintain the same, but also, to improve the water drainage outlets and regulate the flow of water, and to make the necessary studies and evaluations in order to take corrective or remedial actions against the effect of the heavy and prolonged rainfall and the strong currents of water together with the flooding, which endangered human lives.

19. At all times relevant hereto, state and municipal government all defendants in this case, were acting under color of law and under color of the authority of the Commonwealth of Puerto Rico.

20. 42 USC Sec. 1983, establishes, that every person who, under color of any statute, ordinance, regulation, custom, or usage of any state or territory or the District of Columbia, subjects or causes to be subjected any citizen of the United States... within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured...

21. 28 USC Sec. 1331 and 28 USC Sec. 1343(3), grant jurisdiction for suits redressing violations of federal laws that provide for equal rights of citizens.

22. There is state action or action under color of state law when private entities perform public functions. **Jackson v. Metropolitan Edison Co**, 419 US 345.

23. If federal jurisdiction is based on the existence of a federal question or some other clause of Article III, the 11th Amendment barring of suits against the states, is of no relevance. **Atascadero State Hosp. V. Scandon**, 473 US 234; **Seminole Tribe of**

-11-

**Florida v. Florida**, 517 US 76.

24. Section 7, of the Bill of Rights of the Commonwealth of Puerto Rico Constitution establishes as a fundamental right of man the right to life and liberty and no one can be deprived of liberty and property without due process of law, as well as that no person shall be denied the equal protection of the laws.

25. The fundamental right to life and liberty and the pursuit of happiness under the Fourteenth and/or Fifth amendment to the United States Constitution, also stems from Public Law 600 of July 3, 1950, 64 Stat 320, as the equality in rights, privileges and immunities of citizens of the United States, and all constitute federal jurisdictional basis under Article III, Section 2 of the U.S. Constitution.

26. State law can and has created, a life and liberty interest, and the violation of its own law constitutes a denial of life and liberty without due process, and can be construed as federal claims to be vindicated in federal court. **Mitchell v. Plummer**, 1998 WL 381992 (N.D.C.A.); **Jackson v. Y Int**, 921 F 2d 882; **Toussaint v. McCarthy**, 801 F 2d 1080 (9th Cir 1986); **Spruyette v. Walters**, 753 F 2d 498 (6th Cir 1985).

27. Puerto Rico's choice to operate an Authority to provide drinking water and sewer service to its people together with its acceptance of federal funds for that purpose, creates consent to be sued in federal court to enforce the provisions of the Fourteenth Amendment through appropriate legislation in a plenary manner.

28. To request and use federal funds for sewerage linked to an interstate highway also federally funded, negligently failing to provide the citizen's protection of their right to life, liberty and pursuit of happiness, is a direct violation of amendments XIV and

-12-

V of the U.S. Constitution.

29. Decisions or acts by those with final decision making authority at the municipal level creates a Sec. 1983 course of action.

30. Plaintiffs allege that defendants and officials of the Commonwealth of Puerto Rico acted in a manner which was intentional and/or grossly negligent and that such acts were taken in reckless disregard and/or deliberate indifference to the constitutional rights of plaintiffs, and in violation of the statutes and regulations governing the protection of children and of pedestrians, utilizing the highways, adjacent land and sidewalks and is non-fulfillment of their obligation to maintain, repair modernize and provide adequate capacity and facilities according to the increased use of sewer and sewer systems and also in not protecting the public in the case of heavy rainfalls and flood and intense flow of water caused by said rainfalls.  All of which is aggravated by defendants gross negligence of not foreseeing the nature and consequences of their acts and/or omissions when building, maintaining, and repairing said highway and water drainage, pipeline system, manholes and granting use and expansion of said facilities, forcing the obsolescence of the system, and neglecting to adequately warn people about the conditions of the area and the precautions that need be taken, specially when the atmospheric conditions were foreseen, blatantly ignoring the citizens previous complaints and requests that measures be taken, among which to permanently cover the manhole.

## DAMAGES

The damages caused to plaintiffs by defendants are as follows:

-13-

1. María Ramos Piñero- mother of the deceased minor Antonio Luis Ruíz Ramos.

    a. Damages inherited from her son before his death and while trapped and being swept though within the sewer pipes, are more fully herein stated .

        1) Physical damages, including trauma, abrasions, bruises, asphyxia , anxiety, fear, anguish, fear of death: $5,000,000.00.

        2) Loss of future potential income after completing school studies $1,000.000.00.

        3) Punitive Damages $1,000.000.00

    b. Damages: Severe headaches, insomnia, body aches, anxiety, depression loss of appetite, continuos thoughts about her son in the process of being swept by the currents asphyxia, fear of death and the moment before him dying, his physical damages, his anxieties and anguishes, continuos crying, loss of enjoyment of life, loss of desire and will to live, and yet at the same time, excessive fear of death, loss of sexual response and desire, inability to perform any work, loss of social and family life and activities, strong anxiety and fear for the life and security of her daughter, Keisha Ruiz Ramos, loss of potential to generate income; post traumatic stress disorder;

        1) Punitive damages $5,000,000.00.

        2) Her son's loss of future income and providing her economic case and support $1,000,000.00..

2. Keisha Ruiz Ramos- the deceased's sister:

    a. Loss of his brother's love, companionship and care; insomnia, strong

        headaches , anxiety, depression, loss of the enjoyment of life, excessive fear of death, fear to go out while it is raining, anxiety and sometimes depression, when it rains, continuos crying and remembrance of her brother, post traumatic stress disorder: $3,000,000.00

    b.    Punitive damages $3,000,000.00

3.    Hector Luis, Nancy Ivette, Miguel Ramos Piñero and Nancy Piñero Febres, uncles and aunt and the latter, grandmother, of the deceased; each one them lost the continuos enjoyment of his companionship and love and loss of their enjoyment of life, fear of the death of their other niece Keisha, loss of the continuos enjoyment of his companionship love and care; insomnia, headaches, anxiety, depression, loss of enjoyment of life, fear of the death of their other niece Keisha continuos crying and post traumatic stress disorder; $2,000,000.00 each and $2,000,000.00 each in punitive damages.

4.    Orlando del Valle Crespo- this plaintiff had assumed for years the conduct, image and role of father of the deceased, while being consensual husband of Maria Ramos Piñero suffers from: severe headaches, insomnia, anxiety, depression, loss of enjoyment of life, loss of sexual desire, loss of social and family life, continuos fear for the life of Keisha; post traumatic stress disorder; loss of Antonio Luis' companionship and love, and loss of his enjoyment of life: $2,000.000.00 and $2,000.000.00 in punitive damages.

5.    Ischell Marie Dávila Villalobos-this Plaintiff, represented in this case through her mother, was the deceased's schoolmate and friend. She saw as the deceased minor

fell through the manhole and suffered as she had to tell the news to the minor's family; Plaintiff suffers from anxiety, depression, continuos fear and post traumatic stress disorder; loss of Antonio Luis' companionship and love and loss of his enjoyment of life: $2,000.000.00 in physical damages and $2,000.000.00 in punitive damages.

31. Defendants conduct constitute a violation of the rights of plaintiffs to substantive due process, and their life and liberty interest individually and as a family, and to protection, in violation of the Fifth and Fourteenth Amendment to the United States Constitution and 42 USC Sec. 1983, and to their rights under the Commonwealth of Puerto Rico Constitution. Defendants acts and omissions were grossly negligent or intentional and/or taken in reckless disregard and/or deliberate indifference for the rights of plaintiffs and of their deceased minor.

32. Defendant Pep Boys of Puerto Rico, Manny, Moe & Jack Inc's., conduct, contributed to reduce the possibility of locating and saving the deceased minor and the performance of personnel trying to save, the life of the deceased minor and also contributed to reducing or eliminating his opportunity to breath air and survive.

33. Defendant Ondeo at the relevant time of the events, was performing a state action or in action under color of state law, when it was performing PRASA's public functions as private operator and it assumed the ensuing liabilities as such, and its responsibility was of the same nature, degree and extent, as more fully set forth in the allegations referring to PRASA, state and municipal governments.

34. Plaintiffs claims herein, also constitute tort claims actions under 3 LPRA 422, and

-16-

Article 1802 of the Civil Code of Puerto Rico and therefore within this Honorable Court's supplementary jurisdiction.

35. Trial by jury is hereby demanded.

**WHEREFORE**, it is respectfully requested by plaintiffs the relief more fully set forth above, jointly and severally against all defendants, including reasonable attorneys fees and costs and prejudgment interest.

**In San Juan, Puerto Rico, April 21, 2004.**

**NICOLAS NOGUERAS, JR.**
USDC No. 109712
**Attorney for Plaintiffs**
P O BOX 195386
SAN JUAN PR 00919-5386
TEL. (787)296-1958
Fax. (787)772-4605
nnogueras@coqui.net